IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION
_____

| | | |
|---|---|---|
| Harvey Nathan, d/b/a Nathan's Deli, | ) | C.A. #2:07-0762-PMD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| State Farm Fire and Casualty Company, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court upon the magistrate judge's recommendation that this action be dismissed. The plaintiff brought this action seeking relief pursuant to Title 28, U.S.C. § 1441. This matter was referred to the magistrate judge for handling of all pre-trial matters.[1]

This Court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report.  28 U.S.C. § 636(b).  However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v. Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level.  United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).[2]  Plaintiff filed  a letter which

---

[1]Pursuant to the provisions of Title 28 United States Code, § 636(b)(1)(B), and Local Rule 73.02(B)(2), D.S.C., the magistrate judge is authorized to review all pretrial matters and submit findings and recommendations to this Court.

[2]In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal.  The notice must be

the court has construed as objections to the magistrate judge's report on September 17, 2008..

A review of the plaintiff's objections and the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report is incorporated into this order.

Plaintiff's objections fail to directly address the magistrate judge's report. Any written objection must specifically identify the portions of the report and recommendation to which objections are made and the basis for such objections. 28 U.S.C. § 636 (b)(1). Generally stated, nonspecific objections have the same effect as would a failure to object. Howard v. Secretary of Health and Human Services, 932 F.2d 505, 509 (6th Cir. 1991). Plaintiff's "objections" are nothing more than a rehashing of why he has been unable to retain an attorney to represent him in this matter, which does not negate the fact that Local Civil Rule of Procedure 83.I.07 and South Carolina law prohibit corporations from pro se participation in civil litigation.

Accordingly, this court agrees with the magistrate judge and finds that the within action be **dismissed.**

**AND IT IS SO ORDERED.**

PATRICK MICHAEL DUFFY
United States District Judge

September 30, 2008
Charleston, South Carolina

---

sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the appellate level of his failure to object to the magistrate judge's report

## NOTICE OF APPEAL

Plaintiff is hereby notified that he has the right to appeal this Order within **thirty (30) days** from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.